**In re ELECTRO-OPTIX, U.S.A., INC., Debtor.**

**Bankruptcy No. 90-23440-BKC-SMW.**

United States Bankruptcy Court, S.D. Florida.

Aug. 23, 1991.

Howard J. Berlin, Miami, Fla., for debtor.

ORDER GRANTING ALEX ZALMAN'S MOTION TO DISQUALIFY THE LAW FIRM OF SADER & ALBERTINE, P.A., FROM REPRESENTATION OF THE COMMITTEE OF UNSECURED CREDITORS

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE, having come before the Court on Thursday, August 15, 1991, upon the Motion to Disqualify the Law Firm of Sader & Albertine, P.A., from Representation of the Committee of Unsecured Creditors and Objection to the Interim Applications for Allowance of Compensation and Reimbursement of Fees and Costs Filed by Counsel for the Committee of Unsecured Creditors filed by Sader & Albertine, P.A., and the Court, having taken testimony, having heard the argument of counsel and being otherwise duly advised in the premises, does hereby make the following findings of fact and conclusions of law:

1. On July 30, 1990, this Court entered an Order approving the employment of Sader & Albertine, P.A. ("S & A"), as counsel for the Committee of Unsecured Creditors (the "Committee").

2. As intimated in the Application for Approval of Employment of Attorneys, S & A had been representing the largest unsecured creditor in this matter, Berkshire Life Insurance Co. ("Berkshire").

3. After this Court approved the employment of S & A as counsel for the Committee, said law firm continued to represent the interests of Berkshire in this Chapter 11 proceeding, which representation created an appearance of impropriety.

4. The law firm of S & A failed to disclose in the Committee's Application for retention of counsel and in the Affidavit of S & A filed with this Court that said law firm had received $25,095.70 from Berkshire as an advance on its fees for representing the Committee. Moreover, until August 12, 1991, the law firm of S & A never disclosed to this Court that Berkshire was going to advance to said law firm all attorneys' fees incurred in connection with S & A's representation of the Committee. Such non-disclosure constituted a material non-disclosure in that such information would have been material to this Court's consideration of the Application for Approval of Employment of Attorneys filed on July 24, 1990. In fact, had it been disclosed to this Court that Berkshire was going to advance all of the fees incurred by S & A in connection with its representation of the Committee, then this Court would not have entered its Order Approving Committee of Unsecured Creditors' Employment of Attorney dated July 30, 1990.

5. This Court further finds that, during the pendency of this Chapter 11 proceed-

ing, the law firm of S & A simultaneously represented the Committee, Berkshire and Eugene Torino, a former employee of the Debtor ("Torino"). A portion of Torino's claim was an administrative claim as a result of which S & A represented a creditor of a different class that its individual client, Berkshire, and the Committee.

6. S & A's representation of Torino was never disclosed to this Court by said law firm and constituted an actual conflict of interest.

IT IS THEREUPON ORDERED AND ADJUDGED:

1. That the Motion be and the same is hereby GRANTED.

2. That the law firm of Sader & Albertine, P.A., is hereby removed as counsel for the Committee of Unsecured Creditors. The fee applications filed by said law firm in these proceedings are hereby stricken and said law firm is hereby precluded from receiving any compensation from the Debtor's estate.

3. That this Court will retain jurisdiction over the matter of Sader & Albertine, P.A., to enter such further Orders and to afford such further relief as may be deemed just, necessary and appropriate.

DONE AND ORDERED.